Boynton *v.* Brastow.

———

BOYNTON, *in Equity, versus* BRASTOW *& als.*

The rules of this Court in chancery practice, require the bill to set forth clearly, succinctly, and precisely, the facts and causes of complaint.

Without compliance with this rule the cause cannot proceed, but amendments may be allowed on terms.

BILL IN EQUITY. The nature of it sufficiently appears in the opinion.

A general demurrer was filed to the bill, and the causes assigned were ; — 1. That it was multifarious. — 2. The statute gave no jurisdiction in such cases, and 3, That no facts were stated which shew it to be one of trust.

The causes of demurrer were fully argued by —

*Fessenden,* for defendants, and

*J. E. Godfrey,* for plaintiff.

HOWARD, J. — This case is presented on demurrer to the bill, by two of the defendants. At the hearing, the causes for demurrer were stated and fully discussed. Upon inspection of the bill, however, it is apparent that it does not "set forth clearly, succinctly, and precisely the facts and causes of complaint," as required by the rules for the regulation of practice in chancery cases.

It would seem to have been the intention of the plaintiff to allege that the respondents, as executors, had fully administered upon the estate of the testator ; that the mortgages of his real estate to Billings Brastow had been paid, or extinguished, for the benefit of those interested in the estate ; that the respondents had accepted the trust provided in the

will, and executed it in part, at least; that they still hold in trust a portion of the estate of the testator, or the avails of it, belonging to the plaintiff, as one of the heirs of the testator, and a *cestui que trust*, under the terms and provisions of the will, which they refuse to assign or convey to her; and that she claims a discovery as to the amount, and that the same, or so much of it as belongs to her by appointment of the testator, be assigned and transferred to her by the trustees. When, therefore, these and other material facts stated in the bill, shall have been set forth clearly and precisely, with proper allegations, it will then present, *prima facie*, a case of trust, where the plaintiff has not a plain and adequate remedy at law, and requiring the intervention of a court of equity.

We do not understand from the statement in the bill, that the plaintiff claims an equity of redemption, or seeks to redeem the estate mortgaged; but that a demand of the mortgagee for an account, and his refusal, were stated historically, as a part of the details of transactions relating to the supposed trust. The bill, on that account, is not rendered multifarious, as assumed by the defendants, who demur.

The demurrer is overruled; and the case is remanded, with liberty to amend the bill, upon payment of costs to the defendants.

SHEPLEY, C. J., and TENNEY, APPLETON and HATHAWAY, J. J., concurred.